UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, and THE NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT CORPORATION,

18 CV _____

Plaintiffs,

**COMPLAINT**

-against-

INNISS CONSTRUCTION, INC., and HUDSON INSURANCE COMPANY,

Defendants.

---

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## **PRELIMINARY STATEMENT**

1.     This is a civil action pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA"), section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA"), and section 220-g of the New York Labor Law ("NYLL"), to recover delinquent employer contributions to a group of employee benefit plans and to recover delinquent contributions pursuant to a payment bond.

## **JURISDICTION AND VENUE**

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3.      Venue is proper in this judicial district pursuant to 29 U.S.C. 1132(e)(2) because the Funds (as defined below) reside or may be found in this district.

## THE PARTIES

4.      Plaintiff Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The Trustees are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21). The ERISA Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

5.      Plaintiff Trustees of the New York City Carpenters Relief and Charity Fund (the "Charity Fund") are Trustees of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). The Charity Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

6.      Plaintiff New York City and Vicinity Carpenters Labor-Management Corporation (together, with the ERISA Funds and the Charity Fund, as the "Funds") is a New York not-for-profit corporation.

7.      Defendant Inniss Construction, Inc. ("Inniss") is a corporation incorporated under the laws of the state of New York. At all relevant times, Inniss was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142. Inniss maintains its principal place of business at 95-08 150th Street, Jamaica, NY 11435.

Case 1:18-cv-09175-PAC   Document 1   Filed 10/05/18   Page 3 of 7

8.      Defendant Hudson Insurance Company ("Hudson") is a corporation domiciled and authorized to do business within the insurance industry in the State of New York.  Hudson maintains its principal place of business at 100 William Street, New York, New York 10038.

## STATEMENT OF FACTS

9.      At all relevant times, Inniss was a party to or otherwise bound by a collective bargaining agreement ("CBA") with the New York City District Council of Carpenters f/k/a District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (the "Union").

10.     The Union is a labor organization within the meaning of section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in section 502 of the LMRA, 29 U.S.C. § 142.

11.     The CBA required Inniss to make specified hourly contributions to the Funds in connection with all work performed in the trade and geographical jurisdiction of the Union ("Covered Work").

12.     Inniss failed to remit all required contributions to the Funds in connection with Covered Work it performed on the project titled "Schiff House Daycare Renovation at City College of New York (the "Project") located at 111 Convent Avenue, New York, NY 10027, for the period of at least May 6, 2018 through July 15, 2018.

13.     Hudson issued payment bond no. HICNE-10-231-0032 (the "Payment Bond") guaranteeing payment of all wages and benefits owed by Inniss and its subcontractors in connection with work they performed on the Project.

14.     By issuing the Payment Bond, Hudson assumed liability for the payment of all contributions owed by Inniss in connection with work it performed on the Project.

## FIRST CLAIM FOR RELIEF AGAINST INNISS
### *Unpaid Contributions Under 29 U.S.C. § 1145*

15.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

16.     Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."

17.     The CBA requires that Inniss make contributions to Plaintiffs for all Covered Work it performed on the Project.

18.     Inniss has failed to remit contributions to the Funds in connection with all Covered Work it performed on the Project.

19.     Pursuant to the CBA and ERISA sections 502(a)(3), 502(g)(2), and 515, 29 U.S.C. §§ 1132(a)(3), (g)(2) and 29 U.S.C. § 1145, Inniss is liable to Plaintiffs for: (1) its unpaid contributions on the Project; (2) interest on the unpaid contributions; (3) an amount equal to the greater of the interest on the unpaid contributions or liquidated damages in an amount generally not in excess of 20 percent of the unpaid contributions; (4) reasonable attorneys' fees, audit fees, and collection costs incurred by Plaintiffs in this action; and (5) such other legal or equitable relief as the Court deems appropriate.

## SECOND CLAIM FOR RELIEF AGAINST INNISS
### *Violation of Collective Bargaining Agreement Under 29 U.S.C. § 185*

20.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

21.     Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Plaintiffs, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

4

22.     Inniss violated the terms of the CBA when it failed to make all contributions due and owing for work it performed on the Project.

23.     As a result of Inniss's violation, Plaintiffs are entitled to damages and other equitable relief pursuant to section 301 of the LMRA, 29 U.S.C. § 185.

<u>**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**</u>
*Violation of NYLL § 220-g*

24.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

25.     New York Labor Law § 220-g provides that an employee that furnished labor to either the contractor or subcontractor may bring an action to recover unpaid wages and supplements, including interest, against the contractor, subcontractor-employer or bonding company.

26.     As supplemental benefit funds entitled to receive payments of supplemental benefits on behalf of Inniss's employees, Plaintiffs are entitled to recover any underpayments for work performed by said employees on the Project.

27.     By issuing the Payment Bond, Hudson assumed joint and several liability with Inniss to pay any and all wages and supplements due and owing as a result of Inniss's failure to pay for work performed on the Project.

28.     Inniss failed to make all supplemental benefits payments to Plaintiffs for work performed by its employees on the Project.

29.     In accordance with NYLL § 220-g, this action has been brought within one year of the date of the last alleged underpayment.

30.     Therefore, Defendants are required to make payment to the Plaintiffs for the amounts due and owing, plus interest, on the Project.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Common Law Claim Against the Bond*

31.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

32.     Hudson issued a common-law bond on the Project.

33.     Pursuant to the common-law bond, Hudson guaranteed the payment of wages and benefits to Inniss's employees on the Project and thereby assumed joint and several liability with Inniss to pay any and all wages and benefits due and owing as a result of Inniss's failure to pay benefits for work performed on the Project.

34.     As supplemental benefit funds entitled to receive payments of supplemental benefits on behalf of Inniss's employees, Plaintiffs are entitled to recover any underpayments for work performed by said employees.

35.     Inniss failed to make all required supplemental benefits payments to Plaintiffs for work performed by its employees on the Project.

36.     Therefore, under the common-law bond and pursuant to the principles of common-law suretyship, Hudson is required to make payment to the Plaintiffs for all contributions due and owing, plus interest, on the Project.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

i.     Award judgment in favor of Plaintiffs and against Inniss for its failure to pay Plaintiffs all contributions required by the CBA and/or for its failure to pay Plaintiffs all contributions owed on the Project;

ii.     Order Inniss to pay Plaintiffs all delinquent contributions, interest on unpaid contributions, liquidated damages, attorneys' fees, and audit costs/collection costs incurred by Plaintiffs;

iii.    Award judgment in favor of Plaintiffs and against Hudson for the amount of all contributions owed by Inniss for work it performed on the Project, plus interest; and

iv.    Award Plaintiffs such other and further relief as the Court deems just and proper.

Dated: New York, New York                         Respectfully submitted,
        October 5, 2018

                                                  **VIRGINIA & AMBINDER, LLP**

                                        By: _____/s/_____
                                             Julie Dabrowski
                                             Todd Dickerson
                                             40 Broad Street, 7th Floor
                                             New York, NY 10004
                                             Tel: (212) 943-9080
                                             *Attorneys for Plaintiffs*